UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20891-CMA

UNITED STATES OF AMERICA

v.

ANTHONY GIGNAC
   a/k/a "KHALED AL-SAUD,"
   a/k/a "KHALID AL-SAUD,"
   a/k/a "KHALID BIN AL-SAUD,"
   a/k/a "KHALID BIN SULTAN AL-SAUD,"
   a/k/a "SULTAN BIN KHALID AL SAUD,"

                  Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Anthony Gignac, a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud," a/k/a "Khalid Bin Sultan Al-Saud," a/k/a "Sultan Bin Khalid Al Saud," (hereinafter referred to as the "Defendant") enter into the following agreement:

    1.    The Defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offenses for which he is charged. Understanding that right, and after full and complete consultation with his counsel, the Defendant agrees to waive in open court his right to prosecution by Indictment and agrees that this Office may proceed by way of an Information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

    2.    The Defendant agrees to plead guilty to all counts of the Superseding Information, which charges Count 1, Impersonating a Foreign Diplomat or Foreign Government Official, in

1

violation of Title 18, United States Code, Section 915; Count 2, Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1); and Count 3, Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 2 and the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that, as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to three (3) years. As to Count 2, the Court must impose a statutory

minimum term of imprisonment of 24 months consecutive to any other sentence imposed, followed by a term of supervised release of up to one (1) year. As to Count 3, the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to three (3) years. These sentences of imprisonment may run consecutively, for a total sentence of up to 32 years imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 as to each count, and must order forfeiture and restitution.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count will be imposed on the Defendant for a total of $300. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment. This Office agrees that it will

recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Loss Amount</u>: That the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is $7,957,253.

  b. <u>Victims</u>: That the relevant number of victims under Section 2B1.1(b)(2)(A)(i) of the Sentencing Guidelines is 10 or more victims.

  c. <u>Outside the United States</u>: A substantial part of a fraudulent scheme was committed from outside the United States under Section 2B1.1(b)(10)(B) of the Sentencing Guidelines.

  d. <u>Obstruction</u>: That this Office will not seek an obstruction enhancement for conduct that was known to this Office prior to the signing of this plea agreement.

  e. <u>Restitution</u>: The Defendant agrees to restitution in the amount of $7,957,253.

9. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

10. The Defendant agrees to forfeit to the United States, voluntarily and immediately, all rights, title, and interest to any: (i) conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense, in violation of 18 USC § 1544; (ii) property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from

5

the commission of such offense; or (iii) personal property used or intended to be used in the commission of the offense, pursuant to 18 U.S.C. § 982(a)(6)(A); and any property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. The Defendant specifically agrees to the entry of a forfeiture money judgment against him as set forth in Attachment 1 to this agreement, and as an agent, beneficiary, officer, director, or in any other capacity, agrees to forfeit to the United States of America the property listed in Attachment 1.

11. The Defendant further agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to any forfeited property. In addition, the Defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings brought against any forfeited property, and any appeal of the forfeited property.

12. The Defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature, form, or location. The assistance shall include: full disclosure of any asset, identifying any property subject to forfeiture, providing testimony before a federal grand jury or in an administrative or judicial proceeding, consenting to the entry of an order enjoining the transfer or encumbrance of such property, and transferring such property to the United States by delivering to this Office, upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

13. The Defendant is aware that Title 18, United States Code, Section 3742 and Title

28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.

7

14. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 5.25.18   By: _____
TRINITY JORDAN
ASSISTANT UNITED STATES ATTORNEY

Date: 5-25-18   By: _____
STEVEN M. VITALE
ATTORNEY FOR DEFENDANT

Date: 5/25/2018   By: _____
ANTHONY GIGNAC
DEFENDANT

8

## **ATTACHMENT 1 – FORFEITURE OF PROPERTY**

1. A forfeiture money judgment in an amount equal in value to: any conveyance used in the commission of the offenses; and any property that constitutes, or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offenses, or any property used to facilitate, or intended to be used to facilitate, the commission of the offenses.

2. All items seized in connection with this case on or about November 19, 2017, including the following:

   a) approximately $88,000.00 in United States currency;

   b) various amounts in foreign currency;

   c) various electronic equipment;

   d) various pieces of art;

   e) various personal property;

   f) various jewelry valued in total at approximately $254,105.00 in United States currency, as further described below:

   1. Rolex Daytona Oyster Perpetual Cosmograph
   2. Rolex Oyster Perpetual Date Just Chronometer
   3. Rolex Pearlmaster 39 mm Date Just Chronometer
   4. Gent's Rontende de Cartier Stainless Steel Chronograph
   5. Lady's Gold Audemars Piguet Watch
   6. Lady's Platinum and Diamond Line Bracelet
   7. Gent's Diamond Link Bracelet
   8. Lady's Cartier-style Bangle Bracelet
   9. Lady's Cartier-style Bangle Bracelet
   10. Lady's Cartier-style Bangle Bracelet
   11. Lady's Cartier-style Bangle Bracelet

12. Lady's Cartier-style Bangle Bracelet
13. Lady's Three Round Bangles
14. Lady's Three Round Bangles
15. Bangle Bracelet
16. Gent's Fancy Link Necklace
17. Gent's Wheat Link Necklace
18. Gent's Fancy Link Necklace
19. Gents 10Kt gold chain
20. Gent's Cartier Style Ring
21. Gent's Cartier Wedding Band
22. Lady's Sapphire Heart Pendant
23. Pendant
24. Carved Jade and Diamond Pendant
25. Cartier Style Wedding Band
26. Sapphire Ring
27. Gold and Diamond Crown Charm
28. Gold and Diamond Pendant
29. Gent's Rolex Oyster President Perpetual Day Date Watch
30. Gent's Gold Arabic Pendant
31. Cartier Nail Bangle Bracelet
32. Lady's Diamond Bracelet
33. Lady's Cartier Bangle Bracelet
34. Cartier Gold and Diamond Bangle
35. Gent's Piaget Watch
36. Gent's Rolex Oyster Perpetual Date Just Stainless Steel

2

g) the contents, including interest, of all accounts of **ANTHONY GIGNAC, a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud," a/k/a "Khalid Bin Sultan Al-Saud," a/k/a "Sultan Bin Khalid Al Saud,"** Marden Williamson International, LLC, Marden Williamson International AG, and Alaska Jersey Limited, at the following institutions:

1. Wells Fargo, including account # 2802598967;
2. Bank of America, including account # 237030507126 and account # 237031890890;
3. PNC Bank;
4. Standard Charter Bank, Jersey, Channel Islands;
5. Banque Paris Bertrand Sturdza SA, Geneva, Switzerland; and
6. Zuger Kantonallban, Zug, Switzerland.

h) the assets, equity interest in the following entities:

1. Marden Williamson International, LLC;
2. Marden Williamson International AG; and
3. Alaska Jersey Limited.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 5.25.18    By: _____
                  TRINITY JORDAN
                  ASSISTANT UNITED STATES ATTORNEY

Date: 5-25-18    By: _____
                  STEVEN M. VITALE
                  ATTORNEY FOR DEFENDANT

Date: 5-25-18    By: _____
                  ANTHONY GIGNAC
                  DEFENDANT

3