# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. <u>17-20891-CR-ALTONAGA(s)(s)</u>

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 915
18 U.S.C. § 1544
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(6)(A)



FILED BY_____ D.C.

JAN 1 1 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

ANTHONY GIGNAC,
  a/k/a "Khaled Al-Saud,"
  a/k/a "Khalid Al-Saud,"
  a/k/a "Khalid Bin Al-Saud,"
  a/k/a "Khalid Bin Sultan Al-Saud,"
  a/k/a "Sultan Bin Khalid Al Saud,"

        Defendant.

_____/

## <u>SUPERSEDING INDICTMENT</u>

The Grand Jury charges that:

## <u>COUNT 1</u>
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

From at least as early as in and around May 2015, the exact date being unknown to the

Grand Jury, and continuing through on or about November 19, 2017, in Miami-Dade County, in

the Southern District of Florida, the United Kingdom, and elsewhere, the defendant,

### ANTHONY GIGNAC,
### a/k/a "Khaled Al-Saud,"

**a/k/a "Khalid Al-Saud,"**
**a/k/a "Khalid Bin Al-Saud,"**
**a/k/a "Khalid Bin Sultan Al-Saud,"**
**a/k/a "Sultan Bin Khalid Al Saud,"**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

1.      The purpose of the conspiracy was for the defendant and his co-conspirators to unjustly enrich themselves by making false and fraudulent representations that **ANTHONY GIGNAC, a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud," a/k/a "Khalid Bin Sultan Al-Saud," a/k/a "Sultan Bin Khalid Al Saud,"** was a member of the Saudi Arabian royal family with significant financial backing and access to exclusive lucrative business ventures, for the purpose of acquiring favorable consideration in business deals, and to obtain property, material goods, and other things of value.

## MANNER AND MEANS OF CONSPIRACY

The manner and means by which **ANTHONY GIGNAC, a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud," a/k/a "Khalid Bin Sultan Al-Saud," a/k/a**

"**Sultan Bin Khalid Al Saud,**" and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

2.   **ANTHONY GIGNAC** and his co-conspirators made false and fraudulent representations to victims that **GIGNAC** was a Saudi Arabian Prince named "Khaled Al-Saud," "Khalid Al-Saud," "Khalid Bin Al-Saud," "Khalid Bin Sultan Al-Saud," and "Sultan Bin Khalid Al Saud," who had significant financial backing and access to exclusive lucrative business ventures available for investment.

3.   Based on those false and fraudulent representations, among others, victims deposited money, by means of interstate and international wires, into bank accounts controlled by **ANTHONY GIGNAC** and his co-conspirators, in order to invest in false and fictitious business opportunities touted by **GIGNAC** or to provide high interest bearing loans to **GIGNAC** related to the same false and fictitious business opportunities.

4.   Also based on those false and fraudulent representations, **ANTHONY GIGNAC** and his co-conspirators demanded and received gifts, things of value, and favors from their victims.

5.   **ANTHONY GIGNAC** and his co-conspirators received, retained and used the victims' investments, loans, gifts, and things of value for their own use and personal gain.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-11**
**Wire Fraud**
**(18 U.S.C. § 1343)**

From at least as early as in and around March 2017, the exact date being unknown to the Grand Jury, and continuing through on or about November 19, 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY GIGNAC,**
**a/k/a "Khaled Al-Saud,"**

3

**a/k/a "Khalid Al-Saud,"**
**a/k/a "Khalid Bin Al-Saud,"**
**a/k/a "Khalid Bin Sultan Al-Saud,"**
**a/k/a "Sultan Bin Khalid Al Saud,"**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

1.      The purpose of the scheme and artifice was for **ANTHONY GIGNAC** and accomplices to unjustly enrich themselves by making false and fraudulent representations that **ANTHONY GIGNAC, a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud," a/k/a "Khalid Bin Sultan Al-Saud," a/k/a "Sultan Bin Khalid Al Saud,"** was a member of the Saudi Arabian royal family with significant financial backing and access to exclusive lucrative business ventures, for the purpose of acquiring favorable consideration in business deals, and to obtain property, material goods, and other things of value.

## SCHEME AND ARTIFICE

2.      Paragraphs 2 through 5 of the Manner and Means section from Count 1 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein as the description of the scheme and artifice.

**USE OF WIRES**

3.      On or about the dates enumerated as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY GIGNAC,**
**a/k/a "Khaled Al-Saud,"**
**a/k/a "Khalid Al-Saud,"**
**a/k/a "Khalid Bin Al-Saud,"**
**a/k/a "Khalid Bin Sultan Al-Saud,"**
**a/k/a "Sultan Bin Khalid Al Saud,"**

for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as specified below:

| COUNT | APPROX. DATE | WIRE COMMUNICATION |
|---|---|---|
| 2 | August 16, 2017 | Text message from **ANTHONY GIGNAC** to K.P. regarding a gift for "hrh," causing wire transmission from the Southern District of Florida to the United Kingdom |
| 3 | September 3, 2017 | Text message from **ANTHONY GIGNAC** to G.V. regarding raising money for Aramco, causing wire transmission from the Southern District of Florida to Europe |
| 4 | September 10, 2017 | Text message from **ANTHONY GIGNAC** to K.P. regarding printed material in Arabic, causing wire transmission from the Southern District of Florida to the United Kingdom |
| 5 | October 3, 2017 | Text message from **ANTHONY GIGNAC** to G.V. confirming the receipt of $70,000, causing wire transmission from the Southern District of Florida to Europe |
| 6 | October 4, 2017 | WhatsApp message from **ANTHONY GIGNAC** to K.P. sending a picture of a Deed of Guarantee purportedly signed by M.S.A.M., S.A.G., and A.Z.Y., causing wire transmission from the Southern District of Florida to the United Kingdom |

| 7 | October 14, 2017 | Email from **ANTHONY GIGNAC** to p**********@mail.ru regarding the purchase of a fake diplomatic license plate, causing wire transmission from the Southern District of Florida to Russia |
| 8 | October 16, 2017 | WhatsApp message from **ANTHONY GIGNAC** to K.P. sending a picture of a letter regarding a 10% ownership stake in Saudi Aramco that is purportedly signed by B.A., causing wire transmission from the Southern District of Florida to the United Kingdom |
| 9 | October 16, 2017 | Email from **ANTHONY GIGNAC** to k*@s*********p.com and c*********m@yahoo.com with a PDF file attached containing a scan of a letter regarding a 10% ownership stake in Saudi Aramco that is purportedly signed by B.A., causing wire transmission from the Southern District of Florida to the United Kingdom, and to data centers outside of Florida |
| 10 | October 23, 2017 | Email from **ANTHONY GIGNAC** to k*@s*********p.com with a PDF file attached containing a purported Saudi Arabian Law Legal Opinion, causing wire transmission from the Southern District of Florida to the United Kingdom |
| 11 | October 25, 2017 | WhatsApp message from **ANTHONY GIGNAC** to K.P. sending a picture of a document purportedly stamped with the seal of A.Z.Y., causing wire transmission from the Southern District of Florida to the United Kingdom |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 12-15
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

On or about the dates specified as to each count below, in Miami-Date County, in the

Southern District of Florida, and elsewhere, the defendant,

**ANTHONY GIGNAC,**
**a/k/a "Khaled Al-Saud,"**
**a/k/a "Khalid Al-Saud,"**
**a/k/a "Khalid Bin Al-Saud,"**
**a/k/a "Khalid Bin Sultan Al-Saud,"**
**a/k/a "Sultan Bin Khalid Al Saud,"**

during and in relation to a felony violation of Title 18, United States Code, Section 1343, that is,

knowingly, and with the intent to defraud, devising, and intending to devise, a scheme and artifice

to defraud, and to obtain money and property by means of materially false and fraudulent

6

pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, knowingly transmitting and causing to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as charged in Counts 6 and 8 of this Indictment, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person as set forth in each count below:

| COUNT | APPROX. DATE | UNDERLYING COUNT | MEANS OF IDENTIFICATION |
|-------|-------------|------------------|--------------------------|
| 12 | October 4, 2017 | 6 | Name and Signature of M.S.A.M. |
| 13 | October 4, 2017 | 6 | Name and Signature of S.A.G. |
| 14 | October 4, 2017 | 6 | Name and Signature of A.Z.Y. |
| 15 | October 16, 2017 | 8 | Name and Signature of B.A. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 16
### Impersonating a Foreign Diplomat or Foreign Government Official
### (18 U.S.C. § 915)

From at least as early as in and around March 2017, the exact date being unknown to the Grand Jury, and continuing through on or about November 19, 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY GIGNAC,**
**a/k/a "Khaled Al-Saud,"**
**a/k/a "Khalid Al-Saud,"**
**a/k/a "Khalid Bin Al-Saud,"**
**a/k/a "Khalid Bin Sultan Al-Saud,"**
**a/k/a "Sultan Bin Khalid Al Saud,"**

did knowingly, and with intent to defraud within the United States, falsely assume and pretend to be a diplomatic, consular and other official of a foreign government duly accredited as such to the

7

United States and, act as such, and in such pretended character, demand, obtain, and attempt to

obtain any money, paper, document, and other thing of value, in violation of Title 18, United States

Code, Sections 915 and 2.

## COUNT 17
### Misuse of a Passport
### (18 U.S.C. § 1544)

On or about October 29, 2017, at the Miami International Airport, in Miami-Dade County,

in the Southern District of Florida, the defendant,

**ANTHONY GIGNAC,**
**a/k/a "KHALED AL-SAUD,"**
**a/k/a "KHALID AL-SAUD,"**
**a/k/a "KHALID BIN AL-SAUD,"**
**a/k/a "KHALID BIN SULTAN AL-SAUD,"**
**a/k/a "SULTAN BIN KHALID AL SAUD,"**

did willfully and knowingly use and attempt to use a passport issued and designed for the use of

another, in that the defendant presented a United States passport, in the name of "D.M.," to the

United States Transportation Security Administration as proof of identification, in violation of

Title 18, United States Code, Section 1544.

## COUNT 18
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

On or about October 29, 2017, at the Miami International Airport, in Miami-Dade County,

in the Southern District of Florida, the defendant,

**ANTHONY GIGNAC,**
**a/k/a "KHALED AL-SAUD,"**
**a/k/a "KHALID AL-SAUD,"**
**a/k/a "KHALID BIN AL-SAUD,"**
**a/k/a "KHALID BIN SULTAN AL-SAUD,"**
**a/k/a "SULTAN BIN KHALID AL SAUD,"**

during and in relation to a felony violation of Title 18, United States Code, Section 1544, that is, willfully and knowingly using and attempting to use any passport issued and designed for the use of another, did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the name and passport number of "D.M.," in violation of Title 18, United States Code, Section 1028A(a)(l).

## FORFEITURE ALLEGATIONS

1.      The allegations of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ANTHONY GIGNAC, a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud," a/k/a "Khalid Bin Sultan Al-Saud," a/k/a "Sultan Bin Khalid Al Saud,"** has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Sections 1343 or 1349, as alleged in this Superseding Indictment, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      Upon conviction of a violation of Title 18, United States Code, Section 1544, as alleged in this Superseding Indictment, the defendant shall forfeit to the United States of America: (a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; and (b) any property real or personal, (i) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or (ii) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(6)(A).

4.      The property subject to forfeiture includes, but is not limited to a forfeiture money

judgment in an amount equal in value to: any conveyance used in the commission of the offenses; and any property that constitutes, or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offenses, or any property used to facilitate, or intended to be used to facilitate, the commission of the offenses.

5.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot divided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), including the following:

      1)      all items seized in connection with this case on or about November 19, 2017, including the following:

          a)      approximately $80,000.00 in United States currency;

          b)      various amounts in foreign currency;

          c)      various electronic equipment;

          d)      various pieces of art;

          e)      various personal property;

          f)      various jewelry valued in total at approximately $254,105.00 in United States currency;

2)      the contents, including interest, of all accounts of **ANTHONY GIGNAC,**
**a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud,"**
**a/k/a "Khalid Bin Sultan Al-Saud," a/k/a "Sultan Bin Khalid Al Saud,"**
Marden Williamson International, LLC, Marden Williamson International AG, and
Alaska Jersey Limited, at the following institutions:

    a)      Wells Fargo, including account # 2802598967;

    b)      Bank of America, including account # 237030507126 and account
        # 237031890890;

    c)      PNC Bank;

    d)      Standard Charter Bank, Jersey, Channel Islands, including account
        # 11893079;

    e)      Banque Paris Bertrand Sturdza SA, Geneva, Switzerland; and

    f)      Zuger Kantonallban, Zug, Switerland.

3)      the assets, equity interest in the following entities:

    a)      Marden Williamson International, LLC;

    b)      Marden Williamson International AG; and

    c)      Alaska Jersey Limited

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(6)(A), Title 28, United States Code, Section 2461, and the procedures set forth in Title 21 United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ANTHONY GIGNAC,

_____ /
Defendant.

CASE NO. _____17-cr-20891-CMA(s)(s)_____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

| | |
|---|---|
| __X__ Miami | _____ Key West |
| _____ FTL | _____ WPB ____FTP |

New Defendant(s)         Yes _____   No __X__
Number of New Defendants
Total number of counts                    18

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:     (Yes or No)       No
      List language and/or dialect        _____

4.    This case will take     11-20    days for the parties to try.

5.    Please check appropriate category and type of offense listed below:

      (Check only one)                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0   to 5 days | _____ | Petty | _____ |
| II | 6   to 10 days | _____ | Minor | _____ |
| III | 11   to 20 days | X | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | _____ | | |

6.    Has this case been previously filed in this District Court?   (Yes or No)     Yes
If yes:
Judge: Altonaga                          Case No.     17-cr-20891-CMA(s)
(Attach copy of dispositive order)
Has a complaint been filed in this matter?           (Yes or No)     Yes
If yes:
Magistrate Case No.         17-mj-03648-BLG
Related Miscellaneous numbers:         _____
Defendant(s) in federal custody as of     November 19, 2017
Defendant(s) in state custody as of       _____
Rule 20 from the District of
Is this a potential death penalty case? (Yes or No)        No

7.   Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?      _____Yes   x   No

8.   Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     __Yes   x   No

FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5502298

*Penalty Sheet(s) attached

REV 5/3/17

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   ANTHONY GIGNAC

**Case No:**   17-cr-20891-CMA(s)(s)

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 2-11

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 12-15, 18

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)

**\*Max. Penalty:** 2 Years' Imprisonment (consecutive to any other sentence)

Count #: 16

Impersonating a Foreign Diplomat or Foreign Government Official

Title 18, United States Code, Section 915

**\*Max. Penalty:** 10 Years' Imprisonment

Count #: 17

Misuse of a Passport

Title 18, United States Code, Section 1544

**\*Max. Penalty:** 10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**