UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20891-CMA(s)(s)

UNITED STATES OF AMERICA

v.

ANTHONY GIGNAC
   a/k/a "KHALED AL-SAUD,"
   a/k/a "KHALID AL-SAUD,"
   a/k/a "KHALID BIN AL-SAUD,"
   a/k/a "KHALID BIN SULTAN AL-SAUD,"
   a/k/a "SULTAN BIN KHALID AL SAUD,"

                Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Anthony Gignac, a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud," a/k/a "Khalid Bin Sultan Al-Saud," a/k/a "Sultan Bin Khalid Al Saud," (hereinafter referred to as the "Defendant") enter into the following agreement:

1.     The Defendant agrees to plead guilty to Counts 1, 6, 12 and 16 of the Superseding Indictment. Count 1 charges the Defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Count 6 charges the Defendant with wire fraud, in violation of 18 U.S.C. § 1343. Count 12 charges the Defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Count 16 charges the Defendant with impersonating a diplomat, in violation of 18 U.S.C. § 915. The Defendant is agreeing to plead guilty because he is in fact guilty of the crimes charged in Counts 1, 6, 12 and 16.

2.     This Office agrees to move for the dismissal of all remaining counts after

sentencing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1, and the **Defendant may not withdraw the plea solely as a result of the sentence imposed or as a result of the guidelines range recommended by probation.**

4. The Defendant also understands and acknowledges that, as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years. As to Count 6, the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years. As to Count 12, the Court must impose a statutory

2

minimum term of imprisonment of 24 months consecutive to any other sentence imposed, followed by a term of supervised release of up to one (1) year. As to Count 16, the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years. These sentences of imprisonment may run consecutively, for a total sentence of up to fifty-two (52) years of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $16,262,204.12, may order forfeiture, and must order restitution.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count will be imposed on the Defendant, for a total of $400. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. Acknowledging that the parties' recommendations as to sentencing are not binding on the probation office or the Court, this Office and the Defendant agree that, at sentencing:

    a. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense,

3

pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility.

b. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

c. <u>Loss Amount</u>: Both parties agree to recommend that the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offenses committed in this case is $8,131,102.06.

d. <u>Victims</u>: Both parties agree to recommend that the number of victims under Section 2B1.1(b)(2)(A)(i) of the Sentencing Guidelines is 10 or more victims.

e. <u>Outside the United States</u>: Both parties agree to recommend that a substantial part of the fraudulent scheme was committed from outside the United States under Section 2B1.1(b)(10)(B) of the Sentencing Guidelines.

f. <u>Obstruction:</u> This Office agrees that it will not seek an obstruction enhancement for conduct that was known to this Office prior to the signing of this plea agreement.

4

g. <u>Restitution</u>: The Defendant agrees to restitution in the amount of at least $6,900,000.00, the exact amount to be determined by stipulation prior to sentencing.

h. <u>Acting on Behalf of a Government Agency</u>: Both parties agree that they will not recommend that the "acting on behalf of a government agency" enhancement in Section 2B1.1(b)(9)(A) applies.

i. <u>Adjustment for Role in the Offense:</u> The Defendant is aware that the United States may ask the Court to apply an enhancement pursuant to Section 3B1.1, which the Defendant may oppose.

This Office, however, will not be required to make these recommendations if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The

Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that **the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.**

9. In exchange for the undertakings made in this plea agreement, the Defendant knowingly and voluntarily agrees to waive any protections he may have under Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) for the Factual Proffer, Plea Agreement, and/or his statements at his plea colloquy. The Defendant knowingly and voluntarily agrees that his Factual Proffer, Plea Agreement, and/or his statements at his plea colloquy can be admitted in the case-in-chief at trial in a criminal prosecution in the Southern District of Florida, if the Defendant elects to proceed to trial after entering this plea agreement.

10. The Defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the Defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes

11. This Office reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If, **in the sole and unreviewable judgment of this Office**, the Defendant's

cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the Defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced. The Defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the Defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the Defendant's sentence because of the Defendant's cooperation.

13. The Defendant further agrees to forfeit to the United States, voluntarily and immediately, all rights, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and the procedures set forth 21 U.S.C. § 853, as incorporated therein. The Defendant specifically agrees to the entry of a forfeiture money judgment against him as set forth in Attachment 1 to this agreement, and as an agent, beneficiary, officer, director, or in any other capacity, agrees to forfeit to the United States of America the property listed in Attachment 1.

7

14. The Defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature, form, or location. The assistance shall include: full disclosure of any asset, identifying any property subject to forfeiture, providing testimony before a federal grand jury or in an administrative or judicial proceeding, consenting to the entry of an order enjoining the transfer or encumbrance of such property, and transferring such property to the United States by delivering to this Office, upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property

15. The Defendant further agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to any forfeited property. In addition, the Defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings brought against any forfeited property, and any appeal of the forfeited property.

16. The Defendant also agrees to repatriate any assets located abroad, which are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), over which he has title and/or dominion and control, both individually and on behalf of any corporate entities owned or controlled by the Defendant. Such property includes, but is not limited to, bank accounts held at the following institutions in the names of Williamson International, LLC, Marden Williamson International AG, and Alaska Jersey Limited: Standard Charter Bank, Jersey, Channel Islands, Banque Paris Bertrand Sturdza SA, Geneva, Switzerland, and Zuger Kantonallban, Zug, Switzerland.

17. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence: (1) exceeds the maximum permitted by statute; (2) is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing; or (3) exceeds twenty-two years of imprisonment. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

18. The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the Defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

19. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

20. This Office and the Defendant agree that this plea resolves the Defendant's federal

9

criminal liability in the Southern District of Florida for the conduct covered in the Superseding Indictment, any criminal conduct related to his attempted purchase of hotels in the Southern District of Florida that is currently known to this Office, and any criminal conduct related to the ammunition found in the Fisher Island storage area that is currently known to this Office. This agreement does not cover conduct that is unknown to this Office at this time.

21. Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which Defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's denaturalization and automatic removal from the United State

*[Intentionally Blank]*

22. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 3/26/19   By: _____
FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY

Date: 3/26/19   By: _____
AYANA HARRIS
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 3/26/19   By: _____
ANTHONY GIGNAC
DEFENDANT

11