UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  17-20891-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,
vs.

**ANTHONY GIGNAC**,
  a/k/a "KHALED AL-SAUD,"
  a/k/a "KHALID AL-SAUD,"
  a/k/a "KHALID BIN AL-SAUD,"
  a/k/a "KHALID BIN SULTAN AL-SAUD,"
  a/k/a "SULTAN BIN KHALID AL SAUD,"

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon the United States' Motion for Preliminary Order of Forfeiture and Entry of a Forfeiture Money Judgment [ECF No. 84], filed April 26, 2019.  Being fully advised, the Court finds as follows:

On January 14, 2019, a grand jury for the Southern District of Florida returned a Superseding Indictment against the Defendant, charging him with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, wire fraud, in violation of Title 18, United States Code, Section 1343, aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(1), impersonating a foreign diplomat, in violation of Title 18, United States Code, Section 915, and misuse of a passport, in violation of Title 18, United States Code, Section 1544.  Superseding Indictment, [ECF No. 17].

The Superseding Indictment further provided that upon conviction of one or more wire fraud offenses, as alleged in the indictment, the Defendant would forfeit to the United States any

property, real or personal, which constitutes or is derived from proceeds traceable to the wire fraud offenses. *Id.* at Page 9. The Superseding Indictment alleged that the following items were subject to forfeiture:

1. A forfeiture money judgment;

2. Various items seized in connection with this case on November 19, 2017, including:

    i. Approximately $80,000.00 in U.S. currency;

    ii. Various amounts in foreign currency;

    iii. Various electronic equipment;

    iv. Various pieces of art;

    v. Various personal property;

    vi. Various jewelry valued at approximately $254,105.00 in U.S. Currency;

3. The contents, including interest, of all accounts of ANTHONY GIGNAC, a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud," a/k/a "Khalid Bin Sultan Al-Saud," a/k/a "Sultan Bin Khalid Al Saud," Marden Williamson International, LLC, Marden Williamson International AG, and Alaska Jersey Limited, at the following institutions:

    i. Wells Fargo, including account # 2802598967;

    ii. Bank of America, including account # 237030507126 and account # 27031890890;

    iii. PNC Bank;

        iv.      Standard Charter Bank, Jersey, Channel Islands, including account # 11893079;

        v.      Banque Paris Bertrand Strudza SA, Geneva, Switzerland; and

        vi.      Zuger Kantonalban, Zug, Switzerland.

4. The assets, equity interest in the following entities:

        i.      Marden Williamson International, LLC;

        ii.      Marden Williamson International, AG; and

        iii.      Alaska Jersey Limited

*Id.* at Page 10-11.

On March 26, 2019, Defendant pled guilty to wire fraud offenses, as alleged in Counts One and Six of the Superseding Indictment. In his plea agreement, Defendant consented to the forfeiture of:

5. A forfeiture money judgment in the amount of $8,131,102.06;

6. All items seized in connection with this case on or about November 19, 2017, including the following:

        i.      approximately $88,338.45 in United States currency;

        ii.      various amounts in foreign currency;

        iii.      various electronic equipment;

        iv.      various pieces of art;

        v.      various personal property;

        vi.      various jewelry valued in total at approximately $254,105.00 in United States currency, as further described below:

            1.      Rolex Daytona Oyster Perpetual Cosmograph;

CASE NO. 17-20891-CR-ALTONAGA

2. Rolex Oyster Perpetual Date Just Chronometer;

3. Rolex Pearlmaster 39 mm Date Just Chronometer;

4. Gentleman's Rontende de Cartier Stainless Steel Chronograph;

5. Lady's Gold Audemars Piguet Watch;

6. Lady's Platinum and Diamond Line Bracelet;

7. Gentleman's Diamond Link Bracelet;

8. Lady's Cartier-style Bangle Bracelet;

9. Lady's Cartier-style Bangle Bracelet;

10. Lady's Cartier-style Bangle Bracelet;

11. Lady's Cartier-style Bangle Bracelet;

12. Lady's Cartier-style Bangle Bracelet;

13. Lady's Three Round Bangles;

14. Lady's Three Round Bangle;

15. Bangle Bracelet;

16. Gentleman's Fancy Link Necklace;

17. Gentleman's Wheat Link Necklace;

18. Gentleman's Fancy Link Necklace;

19. Gentleman's 10Kt gold chain;

20. Gentleman's Cartier Style Ring;

21. Gentleman's Cartier Wedding Band;

22. Lady's Sapphire Heart Pendant;

23. Pendant;

24. Carved Jade and Diamond Pendant;

25. Cartier Style Wedding Band;

26. Sapphire Ring;

27. Gold and Diamond Crown Charm;

28. Gold and Diamond Pendant;

29. Gentleman's Rolex Oyster President Perpetual Day Date Watch;

30. Gentleman's Gold Arabic Pendant;

31. Cartier Nail Bangle Bracelet;

32. Lady's Diamond Bracelet;

33. Lady's Cartier Bangle Bracelet;

34. Cartier Gold and Diamond Bangle;

35. Gentleman's Piaget Watch;

36. Gentleman's Rolex Oyster Perpetual Date Just Stainless Steel;

7. the contents, including interest, of all accounts of ANTHONY GIGNAC, a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud," a/k/a "Khalid Bin Sultan Al-Saud," a/k/a "Sultan Bin Khalid Al Saud," Marden Williamson International, LLC, Marden Williamson International AG, and Alaska Jersey Limited, at the following institutions:

i. Wells Fargo, including account # 2802598967;

ii. Bank of America, including account # 237030507126 and account # 237031890890;

       iii.       PNC Bank;

       iv.       Standard Charter Bank, Jersey, Channel Islands;

       v.       Banque Paris Bertrand Sturdza SA, Geneva, Switzerland; and

       vi.       Zuger Kantonallban, Zug, Switzerland.

8. the assets, equity interest in the following entities:

       i.       Marden Williamson International, LLC;

       ii.       Marden Williamson International AG; and

       iii.       Alaska Jersey Limited.

*See* Plea Agreement Attachment 1, [ECF No. 81].

According to the Defendant's factual proffer, beginning as early May 2015, and continuing until approximately November 19, 2017, the Defendant engaged in a scheme with co-conspirators to unjustly enrich themselves by making false and fraudulent representations that the Defendant was a member of the Saudi Royal family with significant backing and access to lucrative business ventures, for the purpose of acquiring favorable consideration in business deals, and to obtain investments from victims, property, money, material goods, and other things of value. Factual Proffer, [ECF No 79] at Page 1-2. Based on those false and fraudulent representations, among others, victims deposited money, by means of interstate and international wires, in order to invest in the false and fictitious business opportunities touted by the Defendant and his co-conspirators, or to provide loans related to the same opportunities. *Id*. at Page 2. Also based on those false and fraudulent representations, the Defendant and his coconspirators demanded and received gifts, things of value, and favors from their victims. *Id*. The Defendant and his co-conspirators received, retained and used victims' investments, loans, gifts, and things of value for their own personal gain. *Id.* Throughout the course of the fraudulent scheme, the

Defendant and his co-conspirators tricked over 20 victims into giving him and an affiliate company $8,131,102.06.

Therefore, upon motion of the United States, and for good cause shown thereby, it is **ORDERED** that:

1. The United States' Motion for Preliminary Order of Forfeiture and Entry of a Forfeiture Money Judgment [ECF No. 84] is **GRANTED**.

2. A forfeiture money judgment in the amount of $8,131,102.06 is entered against the Defendant, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure;

3. The following assets are forfeited to the United States pursuant to Title 21, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c):

   a. A forfeiture money judgment in the amount of $8,131,102.06;
   
   b. All items seized in connection with this case on or about November 19, 2017, including the following:
   
      i. approximately $88,388.45 in United States currency;
      
      ii. various pieces of art;
      
      iii. various personal property, as further described below;
      
         1. Royal Selangor Tea Set – Year of the Dragon tea caddy;
         
         2. Chop stick set – red box;
         
         3. Luis Vuitton shoes – white, blue trim;
         
         4. Black camouflage Adidas shoes, bearing serial number BZ0223;

      5.    Black with red trim Adidas shoes, bearing serial number BY9924;

      6.    White and brown BNIB men's monogrammed Run Away Luis Vuitton sneaker;

      7.    Luis Vuitton run away sneaker bearing serial number 1A3SSC;

      8.    Luis Vuitton Helsinki grey knit hat;

      9.    Luis Vuitton Helsinki grey knit hat;

      10.    Luis Vuitton knit hat with blue LV circle;

      11.    Orange and black Hermes belt;

      12.    BonPoint light blue onesie velour Pyjama;

      13.    Richard Grand grey cashmere sweater, bearing serial number 16047/40ML 50756;

      14.    BonPoint – set of 7 bodysuits;

      15.    Gold Arabic calligraphy; and

      16.    Gold frame with mottled jade;

iv.    various jewelry valued in total at approximately $254,105.00 in United States currency, as further described below:

      1.    Rolex Daytona Oyster Perpetual Cosmograph;

      2.    Rolex Oyster Perpetual Date Just Chronometer;

      3.    Rolex Pearlmaster 39 mm Date Just Chronometer;

      4.    Gentleman's Rontende de Cartier Stainless Steel Chronograph;

5. Lady's Gold Audemars Piguet Watch;

6. Lady's Platinum and Diamond Line Bracelet;

7. Gentleman's Diamond Link Bracelet;

8. Lady's Cartier-style Bangle Bracelet;

9. Lady's Cartier-style Bangle Bracelet;

10. Lady's Cartier-style Bangle Bracelet;

11. Lady's Cartier-style Bangle Bracelet;

12. Lady's Cartier-style Bangle Bracelet;

13. Lady's Three Round Bangles;

14. Lady's Three Round Bangle;

15. Bangle Bracelet;

16. Gentleman's Fancy Link Necklace;

17. Gentleman's Wheat Link Necklace;

18. Gentleman's Fancy Link Necklace;

19. Gentleman's 10Kt gold chain;

20. Gentleman's Cartier Style Ring;

21. Gentleman's Cartier Wedding Band;

22. Lady's Sapphire Heart Pendant;

23. Pendant;

24. Carved Jade and Diamond Pendant;

25. Cartier Style Wedding Band;

26. Sapphire Ring;

27. Gold and Diamond Crown Charm;

28. Gold and Diamond Pendant;

29. Gentleman's Rolex Oyster President Perpetual Day Date Watch;

30. Gentleman's Gold Arabic Pendant;

31. Cartier Nail Bangle Bracelet;

32. Lady's Diamond Bracelet;

33. Lady's Cartier Bangle Bracelet;

34. Cartier Gold and Diamond Bangle;

35. Gentleman's Piaget Watch;

36. Gentleman's Rolex Oyster Perpetual Date Just Stainless Steel;

37. Lady's costume bracelet;

38. Lady's silver and cubic zirconium bangle;

39. Lady's silver and cubic zirconium ring;

40. Lady's silver and cubic zirconium necklace and bracelet;

41. Silver and cubic zirconium bangles;

42. Opal bracelet;

43. Costume bracelet

44. Seven green bead bracelet;

45. Gold medal;

46. Cuff links;

47. Silver and cubic zirconium wedding bands with green stones;

48. Silver and yellow cubic zirconium gold plated wedding bands;

49. Silver maquise cubic zirconium and green mottled stone;

50. Opaque green cabochon earrings;

51. Silver and cubic zirconium rings;

52. Tie tack;

53. Two silver and cubic zirconium wedding bands;

54. Unmatched cubic zirconium earrings;

55. Yellow Cartier screwdriver;

56. White Cartier screw driver;

57. Coins, Cartier screw driver, and cubic zirconium ring;

58. Silver and cubic zirconium ring;

59. Yellow costume and white cubic zirconium bracelet;

60. Cubic zirconium bracelet and cubic zirconium links;

61. Silver and cubic zirconium panther bangle bracelet;

62. Silver and cubic zirconium bangles;

63. White cubic zirconium bracelet;

64. Cubic zirconium ring;

65. Silver and cubic zirconium eternity ring;

66. Cubic zirconium costume ring;

67. Yellow bangle (not gold) two pieces;

68. Y 10k ring;

69. W costume ring; and

        70. Vach K bracelet

c.     the contents, including interest, of all accounts of ANTHONY GIGNAC, a/k/a "Khaled Al-Saud," a/k/a "Khalid Al-Saud," a/k/a "Khalid Bin Al-Saud," a/k/a "Khalid Bin Sultan Al-Saud," a/k/a "Sultan Bin Khalid Al Saud," Marden Williamson International, LLC, Marden Williamson International AG, and Alaska Jersey Limited, at the following institutions:

    i.     Wells Fargo, including account # 2802598967;

    ii.     Bank of America, including account # 237030507126 and account # 237031890890; and

    iii.     Standard Charter Bank, Jersey, Channel Islands account 11873078;

d.     the assets, equity interest in the following entities:

    i.     Marden Williamson International, LLC;

    ii.     Marden Williamson International AG; and

    iii.     Alaska Jersey Limited.

2.     The United States Marshals Service, or any duly authorized law enforcement agency shall, as soon as practicable, seize the property pursuant to Title 21, United States Code, Section 853(g);

3.     The United States shall publish notice of this Order in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure;

4.     The United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property, in addition to the published notice;

5.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order shall become final as to the Defendant and shall be made be made a part of the

Defendant's sentence and included in the judgment and commitment order pursuant to Rule 32.2(b)(4);

6. The United States is further authorized, pursuant to Title 21, United States Code, Section 853(m) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property or in order to expedite ancillary proceeding related to any third part petition claims filed with respect to the property;

7. Upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture in which all interests will be addressed. If no claims are filed within thirty (30) days of the final publication of notice or the receipt of actual notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2), this Order shall be deemed a final order of forfeiture and the United States Marshals Service, or any duly authorized law enforcement official, shall dispose of the property in accordance with applicable law;

8. The Court retains jurisdiction in this matter for the purpose of enforcing this judgment.

**DONE AND ORDERED** in Miami, Florida this 26th day of April, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record
     Nicole Grosnoff (2 certified copies)