UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20891-CR-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY GIGNAC,

    Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

The Defendant, Anthony Gignac, through undersigned counsel, respectfully files his objections to the Pre-sentence Investigation Report ("PSI") and in support thereof states:

### Objection to Paragraphs 15 and 16

Paragraphs 15 and 16 of the PSI detail information and conduct that is not part of the instant offense. As such, neither paragraph should be included in the "Offense Conduct" portion of the PSI.

### Objection to Paragraphs 41 through 55

Mr. Gignac respectfully disputes the veracity of all statements allegedly made by co-defendant Carl Williamson and requests that they be stricken from the PSI.

### Objection to Paragraph 68

Mr. Gignac denies ever being verbally abusive or threatening Scardy Belfort or his wife at any time.

**Objection to Paragraphs 69 though 71**

Mr. Gignac respectfully disputes the veracity of all statements allegedly made by Katie Partridge and requests that they be stricken from the PSI.

**Objection to Paragraphs 87 and 100: Adjustment for Role in Offense**

The PSI assesses a 4-level enhancement for leader/organizer pursuant to 3B1.1(a) of the sentencing guidelines. PSI ¶87,100. Section 3B1.1(a) directs the application of this enhancement "if the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive. The Eleventh Circuit has held that § 3B1.1(a) requires both a leadership role and an extensive operation. As such, without proof of the defendant's leadership role, evidence of the operation's extensiveness is insufficient as a matter of law to warrant the adjustment. *United States v. Alred,* 144 F.3d 1405, 1421 (11th Cir. 1998).

As noted in the factual proffer and the PSI, the conduct in this case involved Mr. Gignac and co-defendant Carl Marden Williamson seeking investments for purported business opportunities. In June 2015, Williamson formed a fraudulent investment company, Marden Williamson International, LLC (MWI), which was ultimately utilized to perpetuate the scheme. Although Mr. Gignac and Williamson had different roles in the offense, both were equally vital to the criminal conduct in this case, both had assess to the bank accounts where investor money was deposited, and both utilized the investor funds for their own personal benefit. As such, Mr. Gignac should not be assessed a leader/organizer enhancement.

Additionally, since the conduct clearly did not involve five or more participants, § 3B1.1(a) can only be applied if the Court determines that Mr. Gignac was a leader organizer and the criminal activity was "otherwise extensive." An "otherwise extensive" operation does not require a set number of criminally responsible participants. *United States v. Holland,* 22 F.3d 1040, 1045 (11th Cir.1994). Although this Circuit does not employ a precise definition for the "otherwise extensive" standard, there are a number of factors relevant to the extensiveness determination, including the length and scope of the criminal activity, as well as the number of persons involved. *Id.* at 1046. The criminal activity involved in this case clearly involves only two co-defendants and spans over a period of months during 2017. As such, there is no evidence that establishes that this scheme was "otherwise extensive" to warrant the application of a leader/organizer enhancement under 3B1.1(a).

**Objection to Paragraph 97: Acting on Behalf of a Government Agency**

The PSI applies a 2-level enhancement pursuant to 2B1.1(b)(9)(A) for "acting on behalf of a government agency, specifically the Saudi Arabian Family/Prince." PSI ¶97. The parties have jointly agreed that they will not recommend this enhancement pursuant to the written plea agreement. [DE 78 at 7(h)].

**Offense Level Computation**

If the Court grants Mr. Gignac's PSI objections, the adjusted offense level computation would be 26 with a criminal history category of VI, resulting in a guideline imprisonment range of 120 – 150 months.

WHEREFORE, for the reasons herein stated and for any other reasons that may arise during the sentencing hearing in this cause, Mr. Gignac respectfully requests that this Court grant his PSI objections.

>Respectfully Submitted,
>
>MICHAEL CARUSO
>FEDERAL PUBLIC DEFENDER
>
>BY:   s/Ayana N. Harris
>Assistant Federal Public Defender
>Florida Bar No. 537624
>150 W. Flagler Street, Suite 1700
>Miami, Florida 33130-1556
>(305) 530-7000/(305) 536-4559, Fax
>Email:  ayana_harris@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **May 6, 2019**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>s/Ayana N. Harris